**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KAREN POWE,**

      **Petitioner,**

**vs.**                                          **Case No. 4:12cv36-SPM/WCS**

**UNITED STATES DISTRICT ATTORNEY, et al.,**

      **Respondents.**

_____/

### REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

      Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  The filing fee was paid, so the motion to proceed in forma pauperis (doc. 2) is moot.

      Petitioner challenges the judgment imposed in the Southern District of Georgia, Savannah Division, for aggravated identity theft and possession of fraudulent identification documents, criminal case number CR409-221.  Doc. 1, p. 2.  Specifically, she asserts that she was given an upward departure for aggravated identity theft, that she did not know the victims in this case or know that they were real people, and states "I didn't fully understand that I was giving up all my rights to everything," presumably in

entering a guilty plea. *Id.*, p. 3. For relief, Petitioner seeks a resentencing, "taking away the 24 months for Aggravated Identity Theft," as she "did not know that the victims were actual people." *Id.*, p. 6.

This is relief generally only available by motion filed pursuant to 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e).

To proceed under the savings clause, a claim must be based upon a retroactively applicable Supreme Court decision, establishing the petitioner was convicted for a nonexistent defense; and circuit law squarely foreclosed the claim at the time it should have been raised at trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted). "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id.* at 1245 (footnote omitted). *See also* Gilbert v. United States 640 F.3d 1293, 1319 (11th Cir. 2011) (noting

the Wofford holding "is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.") (footnote and citation to Wofford omitted).  Actual innocence does not establish entitlement to proceed under the savings clause; it is only considered ""[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding . . . ."  177 F.3d at 1245 (citation omitted).  *See also* 640 F.3d at 1318-1323 (discussing the savings clause and actual innocence in the context of sentencing claims) (discussing Wofford, other citations omitted).

Petitioner indicates that she filed a § 2255 motion which was denied.  Doc. 1, p. 2.  In the section on the standard § 2255 form for explaining why the § 2255 remedy was or is inadequate or ineffective, Petitioner states:

> The courts stated that I gave up my rights to appeal or file any type of motions.  But I did not fully understand the reasoning for it.  I've been filing different motions to get rid of the Aggravated part of the sentencing.

*Id.*, p. 3.

Petitioner's challenge to an upward departure at sentencing is not covered by the savings clause.  Moreover, despite her protests of waiver, Petitioner filed a § 2255 motion which was considered by the sentencing court.  She argued that she could not have committed aggravated identity theft since she did not know the victim existed, and that the court erred in applying an upward departure from the United States Sentencing Guidelines.  Doc. 5 (report and recommendation) in 4:11cv36-BAE-GRS, available in PACER (Public Access to Court Electronic Records).[1]  The court agreed with the Government's argument that the claims were procedurally defaulted because not raised

---

[1] The § 2255 motion and related documents were also filed in the criminal case, 4:09cr221-BAE-GRS.

on appeal, and found that Petitioner could not establish cause, prejudice, or actual innocence.  *Id.*, pp. 1-3.  The Government also argued that Petitioner waived the right to file a § 2255 motion, an issue which the court found complicated and unnecessary to decide.  *Id.*, p. 2, n. 2.[2]  Despite the finding of procedural default, the court also rejected Petitioner's claims on the merits.  *Id.*, pp. 4-6.  According to the docket in that case (as well as the criminal case), Petitioner did not file objections to the recommendation, it was adopted and judgment entered on the docket on April 22, 2011, and Petitioner did not appeal.

The claim that the courts said she had no right to appeal or otherwise challenge her sentence, even if such a claim could invoke the savings clause, is unsupported. The petition should be dismissed, and leave to appeal in forma pauperis denied as an appeal would not be taken in good faith.  Fed.R.App.P. 24(a).

---

[2] The issue was complicated by the fact that, given the upward departure, the court advised that while certain appeal rights were waived Petitioner could file an appeal.  *Id.*, n. 2 and p. 3.  The court specifically advised of the right to appeal, that an appeal had to be filed in 10 days or the right to appeal would be lost, and that upon request the clerk would prepare and file a notice of appeal.  *Id.*, p. 3.  Petitioner's claim of cause for the default, because she did not know she could appeal, was therefore rejected.  *Id.*

Case No. 4:12cv36-SPM/WCS

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus, challenging the judgment of the Southern District of Georgia, Savannah Division, case number 4:09cr221-BAE-GRS, be summarily **DISMISSED** pursuant to 28 U.S.C. § 2255(e), and that leave to appeal in forma pauperis also be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2012.


 S/      William C. Sherrill, Jr._____
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**